IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

ROGER WALTERS,

    Plaintiff,

vs.

PRUDENTIAL INSURANCE
COMPANY OF AMERICA, et al.,

    Defendants

No. 06cv0020-LRR

RULING ON MOTION TO STRIKE

This matter comes before the Court on the Motion to Strike, or in the Alternative, to Remand for Further Administrative Review (docket number 35) filed by the Defendants on April 16, 2007, and the Resistance (docket number 40) filed by the Plaintiff on April 18, 2007. The Motion is deemed submitted without oral argument pursuant to Local Rule 7.1.c.

## I. INTRODUCTION

On February 2, 2006, Plaintiff Roger Walters filed a Complaint (docket number 3) pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiff claims that Defendants wrongfully failed to pay him benefits owed under a long-term disability plan and requests that judgment enter against Defendants, pursuant to 28 U.S.C. § 1132.

1

Plaintiff filed a brief on the merits (docket number 19) on December 1, 2006.[1] On March 9, 2007, Defendants filed a brief (docket number 27) in opposition to the Plaintiff's Complaint. In a reply brief (docket number 37) filed on April 17, 2007, Plaintiff states the following:

> At the time that Plaintiff injured his finger, he was operating a riding lawn mower. It took him between 30 and 60 minutes to mow his lawn.

Plaintiff's Reply Brief at 5.

In the instant Motion, Defendants claim that the allegations set forth above are not included in the administrative record and, therefore, the Court should strike Plaintiff's references in that regard.[2] In the alternative, Defendants request that the Court remand to the Claims Administrator for further consideration of the allegations set forth by Plaintiff. Plaintiff requests that the Motion be denied.

## II. ADMINISTRATIVE CLAIMS

Plaintiff's initial claim for long-term disability benefits was denied in a letter dated May 20, 2003. (*See* Appendix, MCI 0345.) In denying the claim, the plan administrator stated:

> After careful review of all information on file, we regretfully cannot approve your claim to receive Long Term Disability benefits at this time. According to the information on file, your injury is indicated as being "Tennis Elbow," for which you received treatment and were released to return to work on

---

[1] Plaintiff concedes that the brief was erroneously filed in conjunction with a Motion for Summary Judgment. Motions for summary judgment should not be filed in claim-review cases brought under ERISA. Local Rule 56.1.h.

[2] Defendants' instant Motion to Strike a portion of Plaintiff's reply brief was actually filed *prior* to the reply brief being filed, due to Plaintiff's Motion to File Overlength Brief (docket number 34).

2

> 4/9/03 per Dr. James Page. Your Long Term Coverage would
> not be effective until after this return to work date.

*Id.*

Plaintiff provided additional information from Dr. Krain, but the claim was again denied in a letter dated August 4, 2003. (*See* Appendix, MCI 0340.) The claims administrator advised Plaintiff on that date that if he continued to disagree with their determination, then he must submit a written appeal, with statements by the attending physicians and copies of all medical records.

On June 28, 2004, Defendants denied Plaintiff's second request for reconsideration of its decision to disallow benefits. (*See* Appendix, MCI 0259-0262.) The denial letter reviewed Plaintiff's course of treatment from the inception of his medical complaints on July 25, 2002. The Defendants concluded, however, that "[b]ased on medical information reviewed, there is no objective medical evidence to support a functional impairment that would preclude you from performing a sedentary job." (*See* Appendix, MCI 0261.) Plaintiff was also advised of his right to appeal the decision to Prudential's Appeals Committee for a "final decision."

On December 21, 2005, Defendants issued a final denial letter. (*See* Appendix MCI 0415-0418.) Plaintiff was also advised of his right to file a lawsuit under the ERISA provisions.

### III. ADMINISTRATIVE RECORD

In their final denial letter, Defendants noted that on June 5, 2003, after Plaintiff stopped working on November 15, 2002, he suffered a fracture to his left middle finger while mowing his lawn. Defendants opined that "[a]t the time of the injury to his finger, Mr. Walter [sic] was noted to have significant functional capacity, and incurred that injury while performing yard work and cutting his grass." (*See* Appendix, MCI 0418.) In his resistance to the instant Motion, Plaintiff complains that this was the first time that

3

Defendants had stated "that they were denying Plaintiff disability benefits because he was noted to be mowing his lawn." (*See* docket number 40-1, ¶ 5, p. 2.)

Plaintiff further complains that he did not learn that his medical records had been reviewed by Reed Review Services and Dr. Tanya Lumpkins, until after the lawsuit had been filed. Plaintiff notes that Dr. Lumpkins makes repeated references to Plaintiff mowing his lawn and Defendants rely on Dr. Lumpkins in resisting Plaintiff's substantive claims. In her report of October 14, 2005, Dr. Lumpkins noted:

> The Claimant was at the time of the injury to the finger noted to be cutting his grass. There for [sic] prior to the injury the Claimant was functional physically beyond that required of a sedentary position.

(*See* Appendix, MCI 0027.) In their brief on the merits, Defendants rely, in part, on Dr. Lumpkins' conclusions to support their argument that Plaintiff's claim is unfounded. (*See* docket number 27 at 43.)

Defendants reply that they could not have referred to Plaintiff's lawn mowing activities prior to their final denial of Plaintiff's claim, since the related medical reports (MCI 0205-0212) were not provided by Plaintiff to the Defendants until March 1, 2005, *after* Plaintiff's second appeal had been denied. (*See* Appendix, MCI 0094-0101.)

## IV. ANALYSIS

Defendants argue that Plaintiff is not permitted to introduce allegations of fact which were not part of the record submitted on the administrative level. Plaintiff argues that he is simply responding to information first provided by Defendants in the final denial letter. Defendants reply that they asked for all medical records on August 4, 2003, but information regarding Plaintiff's lawn mowing activities were not produced by Plaintiff until March 1, 2005, while Plaintiff's third appeal was pending.

Generally, in an ERISA benefits-denial case, the district court may not consider evidence which is not contained in the administrative record. "Such additional evidence

4

gathering is ruled out on deferential review, and discouraged on de novo review to 'ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators.'" *Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998) (quoting *Cash v. Wal-Mart Group Health Plan*, 107 F.3d 637, 641-42 (8th Cir. 1997)). "A district court may admit additional evidence in an ERISA benefit-denial case, however, if the plaintiff shows good cause for the district court to do so." *Id. See also Rittenhouse v. United Health Group Long-Term Disability Insurance Plan*, 476 F.3d 626, 630 (8th Cir. 2007) ("In an ERISA benefits-denial case, a district court may consider evidence not in the administrative record 'if the plaintiff shows good cause' for its omission."); and *Meylor v. Hartford Life Group Insurance Co.*, 444 F. Supp. 2d 963, 967 n.1 (N.D. Iowa 2006).

Turning to the facts in the instant action, Plaintiff's lawn mowing injury did not occur until after his claim for long-term disability benefits was initially denied. In their letter denying Plaintiff's initial request for reconsideration, Defendants requested all of Plaintiff's medical records. The medical records relating to the lawn mowing incident were not produced by Plaintiff, however, until after Defendants denied the Plaintiff's claim a second time. Therefore, it is not surprising that Defendants did not refer to Plaintiff's lawn mowing activities until their third and final denial letter.

On March 1, 2005, Plaintiff produced the medical records relating to the lawn mowing injury, some nineteen months after they were first requested by Defendants. Plaintiff offers no reason for the delay in that regard. On the other hand, Plaintiff was unaware that the medical records would be referred by Defendants to Reed Review Services or be relied upon by Dr. Lumpkins in reaching her conclusions. Plaintiff first learned of the referral after the lawsuit was filed and upon receipt of the administrative record. Accordingly, Plaintiff could not anticipate the significance which Dr. Lumpkins and Defendants would attach to his lawn mowing activities.

After considering all of the facts and circumstances, the Court concludes that the Plaintiff has shown good cause for the admission of the limited assertions set forth in his reply brief on the merits, as set forth in Part I above. While the Court recognizes the general rule that additional evidence may not be considered by the district court in an ERISA benefit-denial case, the Court concludes that the limited response made by Plaintiff in his reply brief should be permitted. Accordingly, Defendants' Motion to Strike, or in the Alternative to Remand, will be denied.

## V. ORDER

IT IS THEREFORE ORDERED that the Motion to Strike, or in the Alternative, to Remand for Further Administrative Review (docket number 35) filed by the Defendants is hereby **DENIED**.

DATED this 8th day of May, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA